# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, TELLITOCCI, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class DANIELLA M. HOWARD**
**United States Army, Appellant**

ARMY 20120844

Headquarters, XVIII Airborne Corps and Fort Bragg
Tara A. Osborn, Military Judge
Colonel Paul S. Wilson, Staff Judge Advocate

For Appellant:  Lieutenant Colonel Jonathan F. Potter, JA; Major Robert N. Michaels, JA (on brief).

For Appellee:  Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Captain Sean P. Fitzgibbon, JA (on brief).

7 August 2014

-----------------------------------------------------------------
SUMMARY DISPOSITION ON FURTHER REVIEW
-----------------------------------------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to her pleas, of three specifications of absence without leave (AWOL), in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886 [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, confinement for eight months, and reduction to the grade of E-1.  Pursuant to a pretrial agreement, the convening authority approved only so much of the sentence as provided for a bad-conduct discharge, confinement for five months and reduction to the grade of E-1.  The convening authority awarded appellant 156 days of confinement credit.

On 27 August 2013, we issued an opinion in this case wherein we affirmed the findings and sentence approved by the convening authority.

On 24 October 2013, appellant filed a petition for review with the United States Court of Appeals for the Armed Forces (CAAF).  On 4 December 2013, appellant filed a supplement to her petition for review and requested that CAAF return her case to this court for "further fact finding."  In her supplemental brief to CAAF, appellant asserted she had received ineffective assistance of counsel at her trial:

> There is no evidence that [defense] counsel took any measures to investigate whether or not the sexual assaults could constitute a complete or partial defense to the charges [and] [a]t a minimum defense counsel failed to present the extraordinarily mitigating evidence that PFC Howard was sexually assaulted on two occasions by the [noncommissioned officer] she was directed to report to after returning from her AWOLs.[*]

In addition to briefing the issue, appellant provided a sworn statement alleging ineffectiveness of her defense counsel as well as a preferred court-martial Charge Sheet, alleging sexual abuse by Sergeant [AO] for crimes against appellant.

On 28 February 2014, CAAF granted appellant's petition for review and remanded the case to this court "in order to obtain affidavits from the trial defense counsel . . . that respond to Appellant's allegation of ineffective assistance of counsel."  Further, CAAF directed this court to review the ineffective assistance of counsel issue in light of the affidavits "and any other relevant matters."  This court was also directed to determine whether additional fact-finding was required pursuant to *United States v. DuBay*, 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967), and to ultimately complete our Article 66(c), UCMJ, review of appellant's case "[o]nce the necessary information [was] obtained."

Pursuant to an order from this court, we received affidavits from both of appellant's defense counsel.

In general, both defense counsel refuted appellant's allegations.  In addition, one counsel attached a statement from and electronic mail exchanges with government trial counsel documenting defense counsel's active involvement in

---

[*] In her original pleading before this court, appellant submitted a merits pleading with no assigned errors.  Instead, she personally raised the issue of alleged sexual abuse pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and did not provide a sworn statement or affidavit to support her assertion.  Appellant did not claim that the purported abuse amounted to a defense to her crimes or that her counsel were ineffective, but rather asked this court to consider it as "extenuating and mitigating circumstances" in evaluating the appropriateness of her sentence.

pursuing appellant's allegation of sexual assault. Government counsel noted in her statement that defense counsel repeatedly cited to appellant's allegation concerning a sexual assault as extenuating and mitigating circumstances in order "to get [appellant] a lesser sentence."

Because appellant and counsel have filed conflicting post-trial affidavits, pursuant to *United States v. Ginn*, 47 M.J. 236 (C.A.A.F. 1997), we have analyzed whether a post-trial evidentiary hearing is required. After applying the fourth *Ginn* principle, we find such a hearing is not required. *Id*. at 248. Although appellant's affidavit is factually adequate on its face, "the appellate filings and the record as a whole 'compellingly demonstrate' the improbability of those facts" and therefore we may "discount those factual assertions and decide the legal issue." *Id*.

Contrary to appellant's allegations, her defense counsel were not only aware of the sexual assault issue, but their contact with government counsel led to the allegations being investigated. This involvement is not only captured in both defense counsel's affidavits, but also in the government counsel's memorandum and e-mail. It is apparent that both defense counsel identified a possible duress defense. Their decision to reject using duress as a defense was not based on a failure to investigate or identify the issue, but rather the result of a deliberate strategy to best use this issue in extenuation and mitigation. In addition, the trial record reflects that the defense counsel were aware of an alleged assault because appellant discussed it during the providence inquiry with the military judge.

In addition to discounting appellant's factual assertions, we further find, based on our review of the entire record, that appellant's allegations of ineffective assistance of counsel are without merit. *See Strickland v. Washington*, 466 U.S. 668 (1984).

In completing our Article 66(c), UCMJ review, we have considered the entire record, including those matters raised personally by appellant pursuant to *Grostefon*, 12 M.J. 431, and hold the findings of guilty and the sentence as approved by the convening authority correct in law and fact. Accordingly, those findings of guilty and the sentence are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court